HAREID, Respondent, v. GRAFF et al, Appellants.

(212 N. W. 502.)

(File No. 5816.   Opinion filed March 7, 1927.)

1.  **Pleading—Demurrer—Complaint for Reformation and Foreclosure of Contract to Convey Held Not Demurrable as Alleging Conclusions.**

     In action for reformation of contract to convey real estate and for strict foreclosure of contract as reformed, complaint setting up instruments involved and alleging default under contract held not demurrable on ground that complaint alleged mere conclusions.

2.  **Action—Foreclosure—Complaint for Reformation and Foreclosure of Contract to Convey Held Not to Improperly Unite Causes of Action as Asking Both Reformation and Cancellation.**

     In action for reformation of contract to convey real estate, and for strict foreclosure of contract as reformed, complaint held not to improperly unite several causes of action on ground that in same action plaintiff sought both to reform contract and to cancel it.

3.  **Action—Complaint for Reformation and Foreclosure of Contract to Convey Held Not to Improperly Unite Causes of Action, Because if Property Was Incorrectly Described, no Contract to Foreclose Existed.**

     In action for reformation of contract to convey real estate and for strict foreclosure of contract as reformed, complaint held not to improperly unite several causes of action on the ground that if the property was not correctly described in the writing, there was no contract to foreclose.

4.  **Reformation of Instruments—Vendor and Purchaser—Parties— Former Owner Who Gave Contract to Purchase Held Proper Party Defendant in Action for Reformation and Foreclosure of Contract.**

     One who formerly owned real estate, and who gave contract to purchase it, held proper party defendant in action by successor in interest to reform description in contract to purchase to cover land owned, in accordance with former owner's representation, and to secure strict foreclosure.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Pleading, Key-No. 8(7), Reformation of instruments, 34 **Cyc.** 971; **(2)** and **(3)** Action, 1 **C. J.** Sec. 247; **(4)** Reformation of instruments, Key-No. 33, 34 **Cyc.** 969, Vendor and purchaser, Key-No. 299(1).

Appeal from Circuit Court, Minnehaha County; HON. HERBERT B. RUDOLPH, Judge.

Action by Odean Hareid against A. N. Graff, Wilson Powers, and others. From order overruling demurrer to complaint, Wilson Powers appeals. Affirmed.

*M. G. Luddy* and *Berdahl & Hyland,* all of Sioux Falls for Appellant.

*Owen & Hareid,* and *Tobin & Raley,* all of Sioux Falls, for Respondent.

MORIARTY, C.   The respondent, Odean Hareid, brought this action to reform a certain contract to convey real estate, and to secure the strict foreclosure of said contract, as reformed. Wilson Powers, one of the defendants, interposed a demurrer to the complaint, and appeals from the order of the trial court overruling his demurrer.

The facts as alleged in the complaint are as follows:

The plaintiff is the owner in fee of the west 100 feet of lots 5 and 6 in block 19 of Covell's Second addition to the city of Sioux Falls. He acquired title to said property by a certain warranty deed executed by the defendants A. N. Graff and Ida R. Graff, his wife. Said deed recited that it was made subject to a certain contract for deed given to Oscar Erickson and Stella Erickson, and a copy of a writing which is alleged to be the contract referred to in the said deed is attached to the complaint, and by reference made a part thereof.

The writing so attached and referred to describes the property to be conveyed as the west 100 feet of lots 6 and 7 of block 19 of Covell's Second addition to Sioux Falls, but, at the time that the Graffs deeded the property to the plaintiff, A. N. Graff and Ida R. Graff executed another writing, whereby they assign to the plaintiff, Odean Hareid, "all their right, title and interest to the attached contract for deed to the west one hundred (W. 100) feet of lots five (5) and six (6) of block nineteen (19) in Covell's Second addition to the City of Sioux Falls."

The west 100 feet of lots 5 and 6 has a building upon it covering parts of both lots. When A. N. Graff made his contract with the Ericksons, he placed the Ericksons in possession of this property, and it was the property, and the only property, which the

parties to the contract understood to be described in the contract. Graff never owned any part of lot 7 in that block, and never intended to convey any interest in lot 7. The fact that the contract described the west 100 feet of lots 6 and 7 instead of the west 100 feet of lots 5 and 6 was wholly due to a clerical error of the scrivener who drew the contract, and the mutual mistake of the parties thereto.

The Ericksons assigned their interest in the contract to the defendants John O. Kellstrom and Florence Kellstrom, and the Kellstroms in turn assigned their rights to the defendants Wilson Powers and Sadie O. Powers. And in each case the assignees took possession of the west 100 feet of lots 5 and 6 and the improvements thereon, and understood that this was the property which they were contracting to purchase.

The contract provides that, in event of default of any of the payments provided for therein, the grantor shall have the option of declaring all the unpaid balance to be immediately due and payable. There is such default, and the plaintiff has elected to exercise his option and to declare the entire balance to be due.

The complaint sets forth the items which are alleged to be delinquent and a detailed statement of the payments which have been made and the amount alleged to be unpaid upon the contract. And the plaintiff alleges that he is now ready, willing, and able to convey good title to the holder of the grantee's rights under the contract, in accordance with the real intent of the contract, upon payment of the balance due.

To avoid unnecessary repetition, we will discuss each ground of demurrer in the order of their statement:

[1] First. That the complaint fails to state facts sufficient to constitute a cause of action. Under the head of argument on this ground counsel say that it is insufficient to allege mere conclusions. But the complaint in the instant case is very explicit in its statement of facts, and the rule and authorities cited have no application to this complaint.

[2, 3] Second. That several causes of action are improperly united. And as to this ground counsel say that, in the same action, plaintiff seeks to reform a contract and to cancel it; that if the property is not correctly described in the writing, there is no contract and nothing to foreclose. These contentions of counsel are

entirely frivolous and untenable. The allegations of the complaint are clearly to the effect that there is a contract between parties who had definitely in mind the property to be conveyed according to the terms of the writing, and that the failure to properly describe it in the writing was due to mutual mistake as to the numbers of the lots. And the plaintiff asks, not that the contract be canceled, but that it be reformed so as to speak what the parties intended, and that it be enforced as so reformed.

[4] Third. That there is a defect of parties plaintiff. Appellant's contention on this point is that, as plaintiff is the assignee of A. N. Graff's interest in the contract, Graff should be joined with Hareid as a plaintiff instead of being made a defendant.

If the contract is to be reformed, Graff is a proper party to the action. It is probably unimportant whether he appears as a plaintiff or defendant. But he deeded to the plaintiff the west 100 feet of lots 5 and 6, and represented in that deed that the property so conveyed was the same as that covered by his contract to the Ericksons, and the plaintiff assumed the burden of conveying to the Ericksons or their assigns the property covered by the contract. The plaintiff is certainly justified in making Graff a defendant in an action wherein he seeks to show that the property to which he holds title is the property which he is required to convey.

The learned trial court did not err in overruling the demurrer, and the order appealed from is affirmed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.